CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Antonio Fernandez**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**City of Fullerton;** and Does 1-10,<br><br>　　　　Defendants. | Case No.<br><br>**Complaint for Injunctive Relief and Damages for Violations of:**<br><br>1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq*.; and<br>2. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq*. |

1

Complaint

# INTRODUCTION

1. Plaintiff Antonio Fernandez ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that the City of Fullerton ("City") and Does 1-10 (collectively, "Defendants") have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly construct, alter, maintain and/or operate the public facilities at the Laguna Lake Park, such that those facilities are inaccessible and unusable to him as a wheelchair user and serve as barriers to his ability to access the City's service programs and activities.

3. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to make the public facilities at the Laguna Lake Park accessible to him as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing his civil rights.

# JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

5. Pursuant to pendent jurisdiction, an attendant and related cause of action arising from the same facts is also brought under the Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq. The CDPA expressly incorporates the ADA. Cal. Civ. Code §§ 54 (c) and 54.1(d).

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real properties which are the subject of this action are located in this district and that Plaintiff's cause of action arose in this district.

## PARTIES

7. Plaintiff Antonio Fernandez is an individual and California resident.

8. Defendant City of Fullerton is a municipal corporation and political subdivision of the State of California.

9. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend his Complaint when their true names, capacities, connections, and responsibilities are ascertained.

10. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTUAL ALLEGATIONS

11. Laguna Lake Park is a 28.5 acre public park located at 3120 Lakeview Drive in the City of Fullerton in California ("Park").

12. The Park offers members of the public access to trails, picnic areas, an equestrian center, and lake fishing.

Complaint

13. At all times relevant herein, the City owned, controlled, maintained and exercised dominion over the Park.

14. Plaintiff has physical impairments resulting from a bone infection that significantly limit his mobility.

15. Plaintiff cannot walk and utilizes a wheelchair for mobility.

16. In order for Plaintiff to have full and equal access to and use of public facilities, those facilities must be constructed in compliance with federal and state accessibility standards.

17. Plaintiff visits the Park on a regular basis to fish and relax.

18. On dates including July 1, 2018, July 27, 2018, and August 11, 2018, Plaintiff personally encountered accessibility barriers at the Park that caused him to experience fear, difficulty, discomfort, inconvenience, distress, and embarrassment.

19. Plaintiff utilized the public entrance located at the south west corner of the intersection of Lakeside Drive and Hermosa Drive ("Entrance") because it was closest to the facilities he used and activities he enjoyed.

20. The Entrance was apparently intended to be accessible as the curb was cut. However, the Entrance was not correctly constructed and/or was not maintained in an accessible condition. The Entrance was in poor and dangerous condition.

21. Additionally, the pedestrian path of travel from the Entrance to the lake was neither level nor firm, consisting of gravel and dirt.

22. As a result of these conditions, the Entrance and path of travel to the lake were difficult and dangerous for wheelchair users like Plaintiff to navigate.

23. On each of the dates Plaintiff visited the Park, including July 1, 2018, July 27, 2018, and August 11, 2018, Plaintiff had to wait 15 to 20 minutes to ask someone to help him navigate the barriers to the Entrance and

path in his wheelchair so he could access the Park and its amenities. The experiences caused him emotional and physical distress and embarrassment.

24. On September 7, 2018, Plaintiff wrote to the City to explain how the barriers at the Entrance impacted him and asked the City to repair the curb and pave the walkway from the curb to the facilities of the lake as a reasonable modification for his disability.

25. The City did not respond to Plaintiff's September 7, 2018 request.

26. On December 10, 2018, Plaintiff filed a government claim with the City, again asking that they repair the curb and pave the walkway from the curb to the facilities of the lake as a "reasonable modification" for his disability.

27. On or about December 20, 2018, Plaintiff visited the Park and discovered that the City had installed a chain at the curb ramp at the Entrance, rendering the entire Entrance completely inaccessible to and unusable by wheelchair users.

28. Able bodied individuals are still able to use the Entrance, as it remains open to the public.

29. Plaintiff has been prevented and deterred from using the Entrance as a result of the above-described barriers since December 20, 2018.

30. On information and belief, the above-described barriers at the Entrance persist as of the date of the filing of this Complaint.

31. In addition to the above-described barriers, there are other barriers at the Park that prevent and deter Plaintiff from safely and meaningfully entering the Park and reaching the water like other patrons.

32. For example, there are alternative paths leading into the Park and to the water: the paths off the lake's parking lot and an entrance off of Lakeside Drive. None of these paths are accessible to people with disabilities

Complaint

who use wheelchairs like Plaintiff for various reasons, including but not limited to:

   a. Paths with running slopes exceeding 2.08% percent;
   b. Ramps with slopes of 5% or more that lack required handrails;
   c. Ramps that lack required landings;
   d. Lips and drop-offs along the pedestrian route that exceed 1 inch;
   e. Routes that are excessively not level, and not firm; and
   f. Platforms (for fishing, viewing and other activities) that are not maintained in an accessible manner and are deteriorating.

33. Plaintiff is and has been prevented and deterred from returning to the Park due to the inaccessible conditions he has encountered and is aware exist at the Park.

34. Plaintiff has been distressed by the City's failure to act on his requests that they remedy the conditions at the Park, including the Entrance. Plaintiff feels excluded and like a second class citizen.

35. On information and belief, there are even more barriers to the Park that relate to Plaintiff's disability. Plaintiff will amend his Complaint once these additional barriers are identified through a noticed site inspection.

36. On information and belief, the Park, including the Entrance, ramps and paths of travel leading in and out of the Park, has undergone construction and/or alteration, in whole or in part, since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

Complaint

37. On information and belief, the Park, including the Entrance, ramps and paths of travel leading in and out of the Park, has undergone construction and/or alterations, in whole or in part, since January 26, 1992 triggering applicability of the ADA Standards for Accessible Design, 36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D.  Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

38. Plaintiff plans to visit the Park to recreate in the future. Until the above-described accessibility barriers are removed, Plaintiff will continue to be denied full and equal access to Park, will be prevented and deterred from visiting the Park, and will suffer ongoing discrimination and damage.

39. The nature of Defendants' discrimination is ongoing and continuous. Unless enjoined by this Court, Plaintiff will suffer ongoing and irreparable injury.

40. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED
*(With regard to claims for damages under California State Law)*

41. Plaintiff timely filed a government claim pursuant to § 910 et seq. of the California Government Code with the City on or about December 10, 2018 and a supplemental government claim on or about January 10, 2019. Plaintiff's claim was rejected by the City on March 15, 2019.

Complaint

# FIRST CAUSE OF ACTION
## Title II of the Americans with Disabilities Act
### 42 U.S.C. §12132 *et seq*.

42. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

43. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

44. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

45. Defendants have fifty (50) or more employees.

46. Defendants are, and at all times relevant herein were, public entities within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

47. The Park is a program, service, and/or activity Defendants offer to members of the public.

48. The Park is also a facility through which Defendants provide access to others of the City's services, programs, and activities.

49. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2).

50. As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the Park and its facilities.

51. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Park and its facilities, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

Complaint

a. Failing to operate the Park and its facilities so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));
b. Failing to design, construct, and/or alter the Park and its facilities in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);
c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Park and its facilities, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));
d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Park and its facilities that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));
e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public by and through the Park and its facilities (28 C.F.R. § 35.130(b)(1)(vii));
f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and
g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid

9

Complaint

discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

52. Under Title II of the ADA, Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of the Park and its facilities.

53. Under Title II of the ADA, Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park and its facilities within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes required to achieve program accessibility of the Park and its facilities.

54. Under Title II of the ADA, Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the Park and its facilities.

55. Defendants' duties under Title II of the ADA pertaining to the accessibility of the Park and its facilities are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

56. Defendants were provided actual notice of the barriers to the Park and its facilities; the impact those barriers have had on Plaintiff's access to

Complaint

and use of the Park and its facilities; and their duty to remove such barriers under Title II of the ADA. Despite this actual notice, Defendants failed and refused to take any steps to remove the barriers at the Park, choosing instead to make the Park even less accessible to wheelchair users like Plaintiff by blocking off the ramp at the Entrance with a chain. Defendants' failures in this regard constitute deliberate indifference.

57. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code § 54 *et seq.*
## (Statutory Damages and Attorneys' Fees Only)

58. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

59. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

60. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... and privileges of all ... places of public accommodation, ... and other places to which the general public is invited'." Cal. Civ. Code §54.1(a)(1).

61. A violation of the ADA is also a violation of the CDPA. Cal. Civ. Code, § 54(c) and 54.1(d).

Complaint

62. Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 or 54.1 is liable for each offense. Cal. Civ. Code §54.3(a).

63. The Park and its facilities are public places, public facilities, places of public accommodation, and/or other places to which the general public is invited as contemplated by the CDPA.

64. As the owners and or operators of the Park and its facilities, Defendants are obligated to comply with the provisions of the CDPA.

65. Defendants are persons subject to California Civil Code section 54.3.

66. Defendants are municipal corporations subject to California Civil Code section 54.3.

67. Plaintiff is an individual with a physical disability within the meaning of California Government Code section 12926(m).

68. Defendants' acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Park and its facilities.

69. Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

70. Defendants' duties under the CDPA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

71. Defendants were provided actual notice of the barriers to the Park and its facilities; the impact those barriers have had on Plaintiff's access to

Complaint

and use of the Park and its facilities; and their duty to remove such barriers under the CDPA. Despite this actual notice, Defendants failed and refused to take any steps to remove the barriers at the Park, choosing instead to make the Park even less accessible to wheelchair users like Plaintiff by blocking off the ramp at the Entrance with a chain. Defendants' failures in this regard constitute deliberate indifference.

72. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note*: *Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue an injunction pursuant to the ADA enjoining Defendants to modify the Park and its facilities to comply with federal and state accessibility standards;

b. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

c. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

d. Award such other and further relief as the Court may deem just and proper.

Dated: March 27, 2019                    Center for Disability Access

By:_____
Russell Handy
Attorneys for Plaintiff

Complaint